UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIA M.,[1]<br><br>                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,[2]<br><br>                    Defendant. | Case No.:  20cv75-MSB<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)  [ECF NO. 23]** |

On November 10, 2021, Plaintiff's counsel filed a "Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)."  (ECF No. 23.)  For the reasons stated below, the Court **GRANTS** the motion.

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] On July 9, 2021, Kilolo Kijakazi became the Commissioner of the Social Security Administration.  See https://www.ssa.gov/agency/commissioner.html (last visited on December 6, 2021).  The Court substitutes Kilolo Kijakazi for her predecessor, Andrew Saul, as the defendant in this action.  See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g) (providing that "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant.").

## I. **PROCEDURAL BACKGROUND**

On January 10, 2020, Plaintiff Antonia M. filed a civil Complaint against Defendant Acting Commissioner of Social Security seeking judicial review of the denial of her application for disability insurance and supplemental security income benefits. (ECF No. 1.) On March 4, 2020, District Judge Cathy A. Bencivengo reassigned this case to this Court "for all proceedings and purposes pursuant to Civ.L.R. 73.1." (ECF No. 15; see also ECF No. 16.) On April 10, 2020, Defendant filed the Administrative Record, and the Court issued a "Scheduling Order for Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security." (ECF Nos. 17 & 18.)

On May 4, 2020, the parties jointly moved to remand the action to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 19.) The Court granted the joint motion on May 15, 2020, and remanded the action to the Social Security Administration for further proceedings. (ECF No. 20.) On remand, the Commissioner granted Plaintiff's application, entitling her to receive $70,704.50 in retroactive Title II and XVI benefits. (ECF No. 23 at 6, 8.)

On July 13, 2021, the parties filed a "Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920." (ECF No. 21.) The Court granted the joint motion on July 21, 2021, and awarded fees and expenses in the amount of $1,891.25, consisting of $1,875.00 in fees and $16.25 in expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and zero costs under 28 U.S.C. § 1920. (ECF No. 22.)

In the instant motion, Plaintiff's counsel, Marc V. Kalagian, seeks an attorneys' fee award of $10,000 under 42 U.S.C. § 406(b), arguing that the fee is reasonable considering the services he has rendered and the results he has achieved. (ECF No. 23 at 8; see also id. at 1, 6.) Plaintiff's counsel further seeks an order directing him to reimburse Plaintiff $1,891.25 for the EAJA fees previously awarded by the Court. (Id. at 1, 6, 21–22.)

On November 19, 2021, Defendant filed a response to Plaintiff's counsel's motion. (ECF No. 24.) Defendant states that the Commissioner of Social Security was not a party to the contingent fee agreement between Plaintiff and Plaintiff's counsel, and therefore the Commissioner "is not in a position to either assent or object to the § 406(b) fees" sought by Plaintiff's counsel. (Id. at 2.)

## II. LEGAL STANDARD

A court that has rendered a judgment in favor of a Social Security disability insurance claimant who was represented by an attorney, may award attorneys' fees in a "reasonable" amount, not to exceed 25 percent of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A); Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009). The court has an independent duty to ensure that § 406(b) contingency fee is "reasonable." 42 U.S.C. §406(b); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The United States Supreme Court has explained:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements <u>as an independent check</u>, to assure that they <u>yield reasonable results</u> in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht, 535 U.S. at 807 (internal citation and footnote omitted, emphasis added). In evaluating the reasonableness of a fee request under § 406(b), the court should consider the character of the representation and the results achieved. Id.; see also Crawford, 586 F.3d at 1151.

District courts should examine the following factors in assessing whether, under Gisbrecht, a fee is reasonable: (1) whether counsel's performance was substandard; (2) whether counsel had engaged in dilatory conduct; and (3) whether the requested fees were excessively large in relation to the benefits achieved, *i.e.*, whether the

3

attorney enjoyed a "windfall." Crawford, 586 F.3d at 1151–52. With respect to the last factor, the Ninth Circuit noted that counsel assumed significant risk in accepting the case, including the risk that no benefits would be awarded, or that there would be a long court or administrative delay in resolving the case. Id. at 1152.

The attorneys' fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. Gisbrecht, 535 U.S. at 802. Attorneys are permitted to seek recovery under both EAJA and § 406(b), and to keep the larger fee, but they must refund the smaller fee to the claimant. Id. at 796; Parrish v. Comm'r Soc. Sec. Admin., 698 F.3d 1215, 1218 (9th Cir. 2012).

### III. DISCUSSION

The contingency fee agreement between Plaintiff and her counsel, Law Offices of Rohlfing & Kalagian, LLP, provides that Plaintiff's counsel would be paid a maximum of 25 percent[3] of past-due benefits awarded to Plaintiff. (ECF No. 23-1 at 1.) As such, the contingency fee agreement is within the statutory ceiling. See 42 U.S.C. § 406(b)(1)(A). On remand, the Commissioner awarded Plaintiff $70,704.50 in past-due benefits. (ECF No. 23 at 6, 8.) Twenty-five percent of that amount is $17,676.13. Plaintiff's counsel seeks an attorneys' fee award of $10,000, which represents 14.14 percent of the past-due benefits awarded to Plaintiff. (See id. at 8).

Further, nothing in this case suggests that Plaintiff's counsel rendered substandard representation or delayed this litigation. See Crawford, 586 F.3d at 1151–

---

[3] The Court notes that the 25 percent cap set forth in § 406(b)(1)(A) limiting attorneys' fees to 25 percent of past-due benefits applies only to fees for representation before federal court, and not to aggregate fees awarded for representation before both the court and the agency. Culbertson v. Berryhill, —U.S.—, 139 S. Ct. 517, 519 (2019); see also Ricardo A. v. Saul, Case No.: 3:19-cv-00846-AHG, 2021 WL 718605, at *2 n.3 (S.D. Cal. Feb. 24, 2021) ("[T]he 25% cap set forth in Section 406(b)(1)(A) applies solely to attorney fees for representation in federal court.").

52. Plaintiff's counsel prepared a settlement letter outlining the legal basis for a remand, which led to the parties' agreement to remand the matter for further proceedings. (See ECF No. 23 at 7.) Plaintiff's counsel's representation therefore resulted in the expeditious resolution of this case, as well as the sizeable award of past-due benefits to Plaintiff.

Additionally, the time Plaintiff's counsel spent on this case is not out of proportion to the fee award. See Crawford, 586 F.3d at 1151–52. Plaintiff's counsel's firm expended 10.35 hours of attorney and paralegal time[4] while representing Plaintiff through the entry of the order of remand. (ECF No. 23 at 23, Decl. of Marc V. Kalagian.) Courts "recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." Ayersman v. Berryhill, Case No.: 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 2021) (quotation omitted)); see also Moreno v. Berryhill, No. CV 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("Counsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed . . . the 25 percent statutory cap[.]"). In this case, Plaintiff's counsel assumed a substantial risk of non-payment by agreeing to be paid on a contingency basis, and counsel's work ultimately resulted in a highly favorable result for Plaintiff. The Court therefore concludes that Plaintiff's counsel's attorneys' fee request of $10,000 is reasonable. See Gisbrecht, 535 U.S. at 807–09; see also Elsa M. P. v. Kijakazi, Case No. 5:19-cv-01698-JC, 2021 WL 4497930, at *3 (C.D. Cal. July 14, 2021) (finding that a fee award of $12,000 for 14.65 hours counsel and paralegal spent representing plaintiff before the court was reasonable); Reddick v. Berryhill, Case No.: 16-cv-29-BTM-BLM, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (finding, on reconsideration, that a fee award of $43,000 for

---

[4] Specifically, Plaintiff's counsel expended 7.25 hours of attorney time and 3.1 hours of paralegal time in the representation of Plaintiff. (See ECF No. 23-4 at 1.)

21.6 hours of work by counsel on the case was reasonable); Thomas v. Colvin, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *2–3 (E.D. Cal. Apr. 3, 2015) (finding that a fee award of $44,603.50 for 40.8 hours of attorney and paralegal time expended on the case was reasonable).

An award of § 406(b) fees, however, must be offset by any prior award of attorneys' fees granted under the EAJA. Gisbrecht, 535 U.S. at 796. Plaintiff was awarded $1,891.25 in fees pursuant to the EAJA, and the award of § 406(b) fees must therefore be offset in that amount.

## IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's "Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)" [ECF No. 23]. The Court awards Law Offices of Rohlfing & Kalagian, LLP attorneys' fees in the amount of $10,000.00. The Court further orders Law Offices of Rohlfing & Kalagian, LLP to reimburse Antonia M. the amount of $1,891.25 for EAJA fees previously awarded by this Court.

**IT IS SO ORDERED.**

Dated:  December 20, 2021

Honorable Michael S. Berg
United States Magistrate Judge